

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00328-CR
No. 02-18-00329-CR
No. 02-18-00330-CR
No. 02-18-00331-CR

———————————————————

IVAN HOLBERT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 431st District Court
Denton County, Texas
Trial Court Nos. F17-1271-431, F17-1272-431, F17-1275-431, F17-1276-431

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

In July 2018, a jury trial was held on four separate charges brought against Appellant Ivan Holbert for incidents occurring on four different dates between late December 2016 and the end of January 2017.[1]

**Trial-court case number F17-1271-431** (our number 02-18-00328-CR): After hearing testimony from Holbert's brother, his brother's girlfriend, and his brother's daughter about a family dispute on December 26, 2016, in which Holbert displayed a gun and fired it in the air, the jury found Holbert guilty of aggravated assault. *See* Tex. Penal Code Ann. § 22.02. At the punishment trial, the jury found that Holbert was the same person who was convicted of an earlier felony offense as alleged in the indictment's enhancement paragraph and assessed his punishment at 15 years' confinement in the Texas Department of Criminal Justice.

**Trial-court case number F17-1272-431** (our number 02-18-00329-CR): The jury heard testimony from the police officer who stopped Holbert on January 16, 2017, because of an outstanding warrant associated with the car he was driving and who then conducted a probable-cause search of the car and discovered drug paraphernalia and powder that field-tested positive for cocaine, as well as testimony

[1]Holbert was initially charged with six offenses, but two were resolved without the jury's needing to weigh in: at the beginning of the trial, Holbert pleaded guilty to one of the three cocaine-possession charges, and at the conclusion of its case in chief, the State dismissed its child-endangerment case against Holbert. This appeal involves only the remaining four offenses.

from a forensic scientist with the Texas Department of Public Safety crime laboratory. The jury found Holbert guilty of felony possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115. Using the same enhancement conviction, the jury assessed Holbert's punishment at five years' confinement in the Texas Department of Criminal Justice.

**Trial-court case number F17-1275-431** (our number 02-18-00330-CR): The jury heard testimony from the driver of a car and from that driver's wife about a road-rage incident on January 31, 2017, in which Holbert pointed what looked like a gun at their car. The police officer who responded to the 9-1-1 call testified about spotting the car involved (which Holbert was driving), pulling it over, and finding a gun in the car. This testimony led to the jury's convicting Holbert of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02. With the enhancement paragraph applied here as well, the jury assessed Holbert's punishment at 30 years' confinement in the Texas Department of Criminal Justice.

**Trial-court case number F17-1276-431** (our number 02-18-00331-CR): After hearing testimony from a police officer who stopped Holbert's car on January 4, 2017, due to unconfirmed insurance and an expired registration and who then found cocaine in the car following a probable-cause search, as well as from a different DPS forensic scientist, the jury found Holbert guilty of the state-jail-felony charge of possession of a controlled substance weighing less than one gram and assessed his

3

punishment at two years' state-jail confinement.[2] *See* Tex. Health & Safety Code Ann. § 481.115.

For each case, the trial court sentenced Holbert in accordance with the jury's recommendations, with the periods of confinement running concurrently.

For each appeal, Holbert's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's briefs and motions meet the requirements of *Anders v. California* by presenting a professional evaluation of the records and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellate counsel notified Holbert of the motion and *Anders* brief in each appeal and informed him of his rights and remedies. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (specifying in part that appointed counsel must notify the client of the motion and brief and provide the client a copy of each; and setting forth other requirements that counsel must satisfy to assist the client in understanding his pro se rights, effectuating those rights, and securing pro se access to the record).

On March 21, 2019, Holbert signed and filed a pro se motion to access the appellate record in each case, which he did, and on July 11, 2019, he filed a combined pro se response to each of counsel's *Anders* briefs. The State declined to file a brief.

---

[2]Unlike Holbert's other three cases, the grand-jury indictment on this charge did not include an enhancement paragraph.

When an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and when counsel fulfills the *Anders* requirements, we must independently examine the record to see if there is any arguable ground that might be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). When determining whether a ground for appeal exists, we consider the record, the briefs, and any pro se response. *See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant the motion to withdraw if we agree with counsel's assessment. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Holbert's pro se response for each appeal. We agree with counsel that these appeals are wholly frivolous and without merit, and we find nothing in the records that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw in each case and affirm the trial court's judgments. Any motions pending on the date of this opinion are denied.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 28, 2019